# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ROBERT BARFIELD,

    Petitioner,

vs.

JERRY BURT,

    Respondent.

No. C09-0023-LRR

INITIAL REVIEW ORDER

---

The matter before the court is the petitioner's application for a writ of habeas corpus. The petitioner submitted such application on February 23, 2009.

The petitioner never paid the statutory filing fee, *see* 28 U.S.C. § 1914(a) (requiring $5.00), and he did not submit an application to proceed in forma pauperis, *see* 28 U.S.C. § 1915 (explaining requirements for in forma pauperis status). Moreover, to the extent that he challenges the loss of good time or earned time, the petitioner must exhaust the remedies available to him in the Iowa courts. *See* 28 U.S.C. § 2254(b)(1)(A). This includes seeking post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See* Iowa Code section 822.1, *et al.* (providing for post-conviction relief). And, to the extent that he challenges the conditions surrounding his confinement, relief is only available under 42 U.S.C. § 1983. A cursory review of the petitioner's application indicates that the petitioner is more focused on the conditions of his confinement, that is, his segregation. Consequently, the petitioner should have completed the form typically utilized by those seeking relief under 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254. The statutory filing fee for an action under 42 U.S.C. § 1983 is $350.00. *See* 28 U.S.C. § 1914(a). Based on the foregoing, the petitioner's application for a writ of habeas corpus is dismissed

without prejudice. The Clerk of Court is directed to file the application for a writ of habeas corpus without the prepayment of fees for the purpose of making a record.

**IT IS SO ORDERED**

**DATED** this 27th day of February, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA